*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN PAUL SCHIEDING,

        Defendant-Appellant.

UNPUBLISHED
January 14, 2026
10:30 AM

No. 371318
Mackinac Circuit Court
LC No. 2022-004298-FH

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625(1)(b) and (9)(c). The trial court sentenced defendant to serve two years' probation plus 30 days in jail. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2022, defendant was pulled over by Michigan State Police troopers after they observed him struggling to stay in his lane of traffic and failing to use a turn signal while merging from an on-ramp. After stopping him, the troopers noted that defendant smelled of intoxicants and had bloodshot, watery eyes. Defendant refused to submit to field sobriety tests, so the troopers arrested him and obtained a search warrant for his blood. Defendant was transported to a hospital where a laboratory technician collected a blood sample, which later revealed that defendant's blood-alcohol level was over the legal limit.

Defendant moved to suppress the result of his blood test before trial, arguing that his blood draw did not comply with the implied-consent statute, MCL 257.625a(6)(c). The trial court denied defendant's motion, concluding that MCL 257.625a(6)(c) did not apply to blood samples obtained pursuant to a search warrant. Defendant's blood-test result was admitted at trial, and the jury convicted defendant as noted. Defendant then moved for a directed verdict of acquittal, arguing that the prosecution had not established a proper foundation to admit his blood-test result in accordance with the nine-part test set forth in *People v Cords*, 75 Mich App 415; 254 NW2d 911 (1977). The trial court denied defendant's motion. This appeal followed.

## II.  STANDARDS OF REVIEW

We review a trial court's factual findings regarding a motion to suppress for clear error, but review its ultimate decision de novo.  *People v Hyde*, 285 Mich App 428, 438; 775 NW2d 833 (2009).  A trial court clearly errs "when the reviewing court is left with a definite and firm conviction that an error occurred."  *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012) (quotation marks and citation omitted).

## III.  ANALYSIS

Defendant argues that he is entitled to a new trial because his blood-test result should have been suppressed.  We disagree.

### A.  IMPLIED-CONSENT STATUTE

Defendant first argues that the trial court erred by admitting his blood-test result at trial because his blood draw did not comply with the requirements of MCL 257.625a(6)(c).  But defendant's blood was drawn pursuant to a warrant.  "Therefore, MCL 257.625a(6)(c), the implied-consent statute, does not govern admissibility of the test results."  *People v Callon*, 256 Mich App 312, 323; 662 NW2d 501 (2003).  Accordingly, the trial court correctly concluded that MCL 257.625a(6)(c) was inapplicable.

As a result, "the rules of evidence, as limited by constitutional principles, govern the admissibility of blood-test results obtained under a search warrant."  *Callon*, 265 Mich App at 323.  Similar to *Callon*, because defendant "does not argue that the search warrant was unsupported by probable cause or otherwise suffered from a constitutional deficiency, and because the alleged deviations from MCL 257.625a(6)(c) do not implicate the relevancy or reliability of the blood-test results, exclusion of the evidence was not required[]" on this basis.  *Id.*

### B.  IMPROPER FOUNDATION FOR ADMISSION

Defendant alternatively argues that his blood-draw result should not have been admitted at trial because the prosecution failed to lay a proper foundation for its admission.

The foundational requirements for admission of blood-test results is set forth in *People v Cords*, 75 Mich App 415, 427; 254 NW2d 911 (1977):

> "[T]he party seeking introduction must show (1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) that the identity of the person or persons under whose supervision the tests were conducted be established."  [*Id.*, quoting *Gard v Mich Produce Haulers*, 20 Mich App 402, 407-408; 174 NW2d 73 (1969).]

Defendant challenges only the second and third requirements of the *Cords* test.

Defendant argues that, because the laboratory technician did not specifically recall taking a sample of defendant's blood and did not recognize him at trial, the second requirement is not satisfied. Although the laboratory technician did not recall taking a sample of defendant's blood, she identified her signature and printed name on the form linked to defendant's blood sample, which contained defendant's name and identifying information. She also identified the numbers on the form, "03-38," as the time she took the blood sample. Her documentation is consistent with a trooper who testified at trial that he arrested defendant and took him to the Mackinac Straits Hospital for a blood draw, where the laboratory technician worked. In light of this evidence, the prosecution sufficiently established that the blood drawn and analyzed belonged to defendant.

Regarding the third requirement, the record shows that the prosecution established that the laboratory technician was authorized to take a sample from defendant. The laboratory technician testified that she had 22 years of experience, routinely performed blood draws pursuant to search warrants, and that a pathologist in Marquette oversaw her operations. See MCL 333.16109; *Callon*, 256 Mich App at 324.[1] Although not physically present at the hospital when the laboratory technician drew defendant's blood, the pathologist still oversaw what the laboratory technician did in the hospital. Accordingly, the prosecution laid a proper foundation for the evidence of defendant's blood-test results.[2]

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi

---

[1] As explained in *Callon*, 256 Mich App at 324, MCL 333.16109(2) "defines 'supervision' as requiring the licensee to be continuously available directly or through electronic means, to regularly review, consult, and educate the supervised individual, and further requires that procedures and a drug protocol be established."

[2] Defendant's sufficiency challenge hinges entirely on the assumption that his blood-test results should have been suppressed at trial. Because his blood-test results were properly admitted, defendant's sufficiency-of-the-evidence argument necessarily fails.